UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDRETTE HENVILL,

                         Plaintiff,                    VERIFIED
                                                                       ANSWER
      -against-

GREYHOUND LINES, INC., JAMES D. McMILLAN,       Jury Trial Demanded
SHORT LINES BUS TOURS, INC., A/K/A SL BUS
TOUSS, INC., AND MARK SUCKY,                    Docket No.:
                                                                      07 CV 5803 (CM)

                         Defendants.                ECF CASE
------------------------------------------------------------------------X

      Defendants, GREYHOUND LINES, INC., and JAMES D. McMILLAN, by their attorneys, Ahmuty, Demers & McManus, Esqs., as and for their Verified Answer to plaintiff's Verified Complaint alleges as follows upon information and belief:

      FIRST:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "1" of the verified complaint.

      SECOND:      Admits each and every allegation contained in paragraph designated "2" of the Verified Complaint.

      THIRD:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "3" of the verified complaint.

      FOURTH:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "4" of the verified complaint.

      FIFTH:      Denies upon information and belief each and every allegation contained in paragraph designated "5" of the verified complaint.

SIXTH: Denies upon information and belief each and every allegation contained in paragraph designated "6" of the verified complaint except admits that JAMES D. McMILLAN, operated a vehicle bearing registration number R7HT91.

SEVENTH: Admits each and every allegation contained in paragraph designated "7" of the Verified Complaint.

EIGHTH: Admits each and every allegation contained in paragraph designated "8" of the Verified Complaint.

NINTH: Admits each and every allegation contained in paragraph designated "9" of the Verified Complaint.

TENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "10" of the verified complaint.

ELEVENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "11" of the verified complaint.

TWELFTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "12" of the verified complaint.

THIRTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "13" of the verified complaint.

FOURTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "14" of the verified complaint.

FIFTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "15" of the verified complaint.

SIXTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "16" of the verified complaint.

SEVENTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "17" of the verified complaint.

EIGHTEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "18" of the verified complaint.

NINETEENTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "19" of the verified complaint.

TWENTIETH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "20" of the verified complaint.

TWENTY-FIRST: Denies upon information and belief each and every allegation contained in paragraph designated "21" of the verified complaint.

TWENTY-SECOND: Denies upon information and belief each and every allegation contained in paragraph designated "22" of the verified complaint.

TWENTY-THIRD: Denies upon information and belief each and every allegation contained in paragraph designated "23" of the verified complaint.

TWENTY-FOURTH: Denies upon information and belief each and every allegation contained in paragraph designated "24" of the verified complaint as to these answering defendants otherwise denies having knowledge or information sufficient to form a belief as to the other named defendants.

TWENTY-FIFTH: Denies upon information and belief each and every allegation contained in paragraph designated "25" of the verified complaint as to these answering defendants

otherwise denies having knowledge or information sufficient to form a belief as to the other named defendants.

TWENTY-SIXTH: Denies upon information and belief each and every allegation contained in paragraph designated "26" of the verified complaint.

TWENTY-SEVENTH: Denies upon information and belief each and every allegation contained in paragraph designated "27" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

TWENTY-EIGHTH: Denies upon information and belief each and every allegation contained in paragraph designated "28" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

TWENTY-NINTH: Denies upon information and belief each and every allegation contained in paragraph designated "29" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

THIRTIETH: Denies upon information and belief each and every allegation contained in paragraph designated "30" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

THIRTY-FIRST: Denies upon information and belief each and every allegation contained in paragraph designated "31" of the verified complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-SECOND: That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the

plaintiff, without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-THIRD:   That Plaintiff has not sustained a serious injury, as defined in Section 5102(d) of the Insurance Law, or economic loss greater than basic economic loss, as defined in Section 5102(a) of the Insurance Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  If it be determined that the plaintiff failed to use available seatbelts, the answering defendant pleads this fact in mitigation of damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:   Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

THIRTY-SIXTH:   If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH:   Pursuant to CPLR 1603, these answering defendants asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

**AS AND FOR A CROSS COMPLAINT OVER
AND AGAINST THE CO-DEFENDANTS,
SHORT LINE BUS TOURS, INC., A/K/A
SL BUS TOUSS, INC. and MARK SUCKY
THESE DEFENDANTS, GREYHOUND LINES, INC.
AND JAMES D. McMILLAN
ALLEGES UPON INFORMATION AND BELIEF:**

THIRTY-EIGHTH:  That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's complaint and in the manner alleged therein, through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the co-defendants, with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law and without any breaches or any negligence of the answering defendants contributing thereto; and if the answering defendants are found liable as to the plaintiff for the injuries and damages as set forth in the plaintiff's complaint, then, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the said co-defendants herein will be liable over jointly and severally to the answering defendants and bound to fully indemnify and hold the answering defendants harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering

defendants in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross complaint.

**WHEREFORE**, the defendants, GREYHOUND LINES, INC., and JAMES D. McMILLAN, demands judgment dismissing the plaintiff's complaint on the merits; and if the plaintiff, ANDRETTE HENVILL, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident or damages and further demands judgment over and against the co-defendants, on the cross claim, for the amount of any judgment obtained against the answering defendants by plaintiff or any other party or on the basis of the apportionment of responsibility in such amounts as a jury or Court may direct together with the costs, disbursements and expenses of this action including attorney's fees.

Dated: New York, New York
       June 20, 2007

By:        /s/      
BRIAN J. DONNELLY, ESQ.
AHMUTY, DEMERS & McMANUS, ESQS.
Attorneys for Defendants
GREYHOUND LINES, INC., and
JAMES D. McMILLAN
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
Our File No.: GRH 0683N7 BJD